UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------X
PROCOM SUPPLY, LLC,                                      Index No. 1:13-CV-2665

                                    Plaintiff(s),
         -against-                                       **AFFIDAVIT OF SERVICE**

MECHEL LANGNER, ET AL.,

                                    Defendant(s).
-------------------------------------------------------------X
STATE OF NEW YORK         )
                          :
COUNTY OF NEW YORK        )

  RANDY BARONA, being duly sworn, deposes and says that he is employed by KEATING & WALKER ATTORNEY SERVICE, INC., is over the age of eighteen years and is not a party to the action.

  That on the 23rd day of December, 2013, at approximately 8:39 p.m., deponent attempted to serve a true copy of the **Summons; Complaint with Jury Demand; Civil Cover Sheet [proposed] Consent to Exercise of Jurisdiction by a United States Magistrate Judge with Order of Reference; and Notice and Order (pursuant to Local Rule 73.1)** upon Mechel Langner at 406 Avenue I, Brooklyn, New York 11230. I rang the bell and knocked but did not receive an answer.

  That on the 26th day of December, 2013, at approximately 8:37 p.m., deponent attempted to serve a true copy of the **Summons; Complaint with Jury Demand; Civil Cover Sheet [proposed] Consent to Exercise of Jurisdiction by a United States Magistrate Judge with Order of Reference; and Notice and Order (pursuant to Local Rule 73.1)** upon Mechel Langner at 406 Avenue I, Brooklyn, New York 11230. I rang the bell and knocked but did not receive an answer.

That on the 27th day of December, 2013, at approximately 3:26 p.m., deponent attempted to serve a true copy of the **Summons; Complaint with Jury Demand; Civil Cover Sheet [proposed] Consent to Exercise of Jurisdiction by a United States Magistrate Judge with Order of Reference; and Notice and Order (pursuant to Local Rule 73.1)** upon Mechel Langner at 406 Avenue I, Brooklyn, New York 11230. I rang the bell and knocked but did not receive an answer.

That on the 2nd day of January, 2014, at approximately 8:33 a.m., deponent attempted to serve a true copy of the **Summons; Complaint with Jury Demand; Civil Cover Sheet [proposed] Consent to Exercise of Jurisdiction by a United States Magistrate Judge with Order of Reference; and Notice and Order (pursuant to Local Rule 73.1)** upon Mechel Langner at 406 Avenue I, Brooklyn, New York 11230. I rang the bell and knocked but did not receive an answer.

That on the 2nd day of January, 2014, at approximately 8:33 a.m., deponent served a true copy of the **Summons; Complaint with Jury Demand; Civil Cover Sheet [proposed] Consent to Exercise of Jurisdiction by a United States Magistrate Judge with Order of Reference; and Notice and Order (pursuant to Local Rule 73.1)** upon Mechel Langner at 406 Avenue I, Brooklyn, New York 11230 by personally affixing the same in a conspicuous place on the door to that residence.

That on the 6th day of January, 2014, in accordance with the Federal Rules of Civil Procedure, Rule 4(e)(1), and the New York State Civil Practice Law and Rules (CPLR), Section 308, copies of which are annexed, deponent served another copy of the foregoing upon the defendant by enclosing a true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL and CONFIDENTIAL" written on the same, and not indicating on the outside that it is from an attorney, or concerns a legal matter, and depositing the same into an official depository maintained by the Government of the United States, City and State of New York, addressed as follows:

**Mechel Langner**
**406 Avenue I**
**Brooklyn, New York 11230**

Sworn to before me this
6th day of January, 2014

RANDY BARONA #1000417

MICHAEL J. KEATING
NOTARY PUBLIC, STATE OF NEW YORK
Reg. No. 01-KE-4851559
Qualified in New York County
Commission expires February 3, 2018

(D) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

(2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

(3) *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States.

(4) *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

(5) *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

(e) **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(f) **Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

(g) **Serving a Minor or an Incompetent Person.** A minor or an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3).

(h) **Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

## § 308. Personal service upon a natural person.

Personal service upon a natural person shall be made by any of the following methods:

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;