# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OHIO

Civil Action No. 1:13-cv-02665-JG

PROCOM SUPPLY, LLC, a Colorado limited liability company,

Plaintiff,

v.

MECHEL LANGNER, an individual,
AHARON MANN, and individual,
THE FIRST NATIONAL GROUP, LLC, a limited liability company,
L AND M REALTY BROKERS LLC, a limited liability company,
FIRST NATIONAL MANAGEMENT LLC, a limited liability company,
and REAL INVESTORS LLC, a limited liability company,

Defendants.
_____

## PLAINTIFF'S ADVISEMENT TO THE COURT
## AS TO THE DEFAULT JUDGMENTS ENTERED AGAINST
## DEFENDANTS MECHEL LANGNER AND AHARON MANN [DOC. 21]
_____

Plaintiff Procom Supply, LLC ("Procom"), through counsel, Anthony L. Leffert of Robinson Waters & O'Dorisio, P.C., hereby advises on an issue related to the Court's entry of default judgment against Defendants Mechel Langner and Aharon Mann:

1.  The Verified Complaint and Jury Demand [Doc. 1] in this matter was filed on December 3, 2013. The Complaint alleges a detailed scheme whereby Defendants defrauded Plaintiff of nearly $200,000 based on a fictitious real estate development scam, then shares the proceeds of this fraud with one another. Thereafter, all of the Defendants were properly served with the Summons and Complaint. Moreover, the Defendants were all expressly made aware of the filing of the Verified Complaint via emails on January 14, 2014. (*See* Exhibit 1, January 14, 2014 emails to Messrs. Langner and Mann, attached hereto.) The Defendants failed to answer

and, on April 8, 2014, Plaintiff filed its Amended Motion for entry of Default Judgment [Doc. 19]. On April 24, 2014, the Court entered Judgment against all Defendants [Doc. 21].

2. The Complaint and the Amended Motion for Entry of Default Judgment alleged that Defendants Mechel Langner and Aharon Mann were domiciled in the State of New York for purposes of service of process. At the time of the filing of the Complaint and the Amended Motion for Entry of Default Judgment, Plaintiff believed that both of these individual Defendants were residents of the State of New York and also had residences in Jerusalem, Israel. As set forth in Plaintiff's Complaint, the individual Defendants, and the limited liability companies also named as Defendants, conducted a significant amount of the transactions which formed the basis of Plaintiff's fraud claims in the United States including several states. Importantly, the residences of Langner and Mann in Brooklyn, New York were used by the Defendants to engage in their fraudulent activities alleged in Plaintiff's Complaint. Among other things, each of the individual Defendants used these residences to receive bank statements and presumably transacted banking business which included the fraudulent transactions. (*See* Exhibit 2, bank statements, attached hereto.)

3. Plaintiff has pursued collection efforts against Defendants in Israel. On January 1, 2016, the Plaintiff filed a Request for Legal Assistance with the Jerusalem Magistrate's Court requesting an order for Defendant Aharon Mann to appear for a deposition to aid in execution of the judgment obtained before this Court. Mr. Mann's Israeli counsel responded by saying that the Legal Assistance Law does not allow for a deposition. The Israeli Court concluded that the request was not covered by the Legal Assistance Law. (*See* Exhibit 3, Judge Gordon Order dated March 18, 2016, attached hereto.) This Israeli Court determined that the judicial proceedings in the United States have ended and the judgment has been issued. The Court then recited at

Paragraph 14 on page 4, that the Plaintiff had the ability to bring a petition to enforce the foreign judgment under the Israeli law entitled Execution of Foreign Judgment Law. Following this legal action in Israel, neither Mr. Mann nor Mr. Langner took any action to either set aside the judgments or object to the jurisdiction of this Court.

4. On November 28, 2017, the Plaintiff, following the Court's suggestion in the previous Israeli matter, filed a Petition pursuant to the Israeli Execution of Foreign Judgment Law requesting the court's assistance in executing on the judgment obtained before this Court. The filing of this Petition was 3 years and 7 months after this Court entered judgment in the United States, the Defendants were properly served and personally notified by undersigned counsel by sending copies of the summons and complaint to each Defendant's email address.

5. In its defense of Plaintiff's collection efforts, Defendants have now responded to the Israeli Petition and asserted that Plaintiff and his counsel defrauded the Court by alleging that Defendants were domiciled in New York among other defenses. Despite the fact that Defendants demonstrably had service and additional notice of this action, they chose not to present these arguments to this Court, instead opting to ignore the lawsuit.

6. While these assertions with respect to domicile have never been presented to this Court, and Defendants even now have made no motion to set aside the default judgment, undersigned counsel takes the assertions of fraud very seriously. In carefully reviewing the file, it is clear there was a good faith basis to assert domicile in New York. While undersigned counsel was aware that Defendants also maintained residences in Israel (as was affirmatively spelled out in the Complaint), Plaintiff's investigators indicated that Defendants resided in New York and had bank accounts that linked to their New York residences. Domicile can be a complex legal analysis involving significant discovery, as Defendants will often attempt assert

that their domicile is in whatever location best suits them.  As such, undersigned counsel cannot be certain that Defendants intended New York to be their legal domicile, and it is possible that Defendants are in fact domiciled in Israel.  Upon review, undersigned counsel averred domicile is a conclusory fashion (much as one might initially aver jurisdiction or venue).  In hindsight, undersigned counsel perhaps should have simply set forth the facts that supported domicile in New York or pled domicile upon information and belief.  However, if Defendants disagreed with Plaintiff's allegation of domicile in New York, they had an easily available remedy to appear in this Court to challenge it.  In short, neither Plaintiff nor his counsel ever had any intent to mislead the Court as to Defendants' domicile, or any other facts in the case.

7. Given the nature of Defendants' position in the Israeli collection proceedings, out of an abundance of caution Plaintiff and undersigned counsel felt it prudent to affirmatively inform the Court of this issue.  Plaintiff and undersigned counsel believe they made all allegations in good faith.  To the extent discovery and full disclosure by Defendants (of which they deprived Plaintiff when they chose to ignore the lawsuit) may subsequently show where the Defendants were domiciled at the time the case was filed, it does not follow that Plaintiff or Plaintiff's counsel committed a fraud upon the Court.  Rather, it merely means Plaintiff and undersigned counsel were incorrect in their averment as to domicile (just as many Plaintiffs summarily aver personal or subject matter jurisdiction, but the Court ultimately disagrees).  Plaintiff and undersigned counsel do not believe this issue calls into question the validity of the default judgment.  By ignoring this lawsuit after being legally served and after demonstrably having knowledge of it, Defendants waived these arguments (which is likely why they raise them in defense to collection actions in Israel, but have not sought to set aside the default here).  Plaintiff and undersigned counsel want to affirmatively make the Court aware of these issues in

the event the Court considers them material.  Undersigned counsel will promptly submit any additional information or attend any hearing required by the Court.

Respectfully submitted this 17th day of April, 2016.

            ROBINSON WATERS & O'DORISIO, P.C.

            *s/Anthony L. Leffert*
            Anthony L. Leffert, *admitted Pro Hac Vice*
            Robinson, Waters & O'Dorisio, P.C.
            1099 18th Street, Suite 2600
            Denver, CO 80202
            Telephone:  (303) 297-2600
            Facsimile:   (303) 297-2750
            Email:  aleffert@rwolaw.com

            and

            Thomas J. Gruscinski
            25150 Randall Drive
            North Olmstead, OH 44070
            Telephone: (440) 779-0064
            Email: tjg@convertino.net

            *Attorneys for Plaintiff Procom Supply, LLC*