**EXHIBIT 1**



הנהלת בתי המשפט
ADMINISTRATION OF COURTS

Office Of the Legal Adviser
**Legal Assistance to Foreign Countries**

לשכת היועץ המשפטי
המחלקה לסיוע למדינות זרות

Date: 09/11/15

File: 1-498/15

Anthony L. Leffert, Attorney at Law
Robinson Waters and O'Dorisio, P.C
1099 Eighteenth Street
Suite 2600
Denver, CO 80202
U.S.A

Dear Sir/Madam,

**Subject: Request for Service of Documents**

Your request for service of documents upon **Mechel Lenger** has been executed.

Please find attached the certificate.

Please forward the attached documents to the proper authorities.

Sincerely,

Mitit Sharabi
Legal Assistance to Foreign Countries

רח' כנפי נשרים 22 ירושלים 95464
Kanfey Nesharim st. 22, Jerusalem, 95464, Israel
טל': 02-6556919    פקס: 02-6556887
E-mail: Foreign.Countries@court.gov.il
• עדיפות לדוא"ל

09/11/2015

*Reverse of the request*
CERTIFICATE

The undersigned authority has the honor to certify, in conformity with Article 6 of the Convention,

1) That the documents directed to **Mechel Lenger** have been served*

- the 30/09/2015

- at Rechov Ohel Yehoshua 4, Jerusalem, Israel.

*a)* In accordance with the provisions of sub-paragraph *(a)* of the first paragraph of Article 5 of the Convention*.

The documents referred to in the request have been delivered to:

- Identity and description of person:

- Relationship to the addressee:


- In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

*Annexes*

Documents returned: ........................................................................

In appropriate cases, documents establishing the service:

...............................................................................

Done at Jerusalem, the

Signature and/or stamp.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| PROCOM SUPPLY, LLC <br> *Plaintiff* <br> v. <br> MECHEL LANGNER, et al., <br> *Defendant* | ) ) ) ) Civil Action No. 1:13-cv-02665-JG ) ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: MECHEL LANGNER, Ohel Yehoshua 4, Apt. 7, Jerusalem, Israel 94477

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Inbal Jerusalem Hotel, 3 Jabotinsky Street, Liberty Bell Park, Jerusalem 92145, Israel | Date and Time: 04/06/2016 9:00 am |
|---|---|

The deposition will be recorded by this method: Certified Shorthand Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE Exibit A attached hereto.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/17/2015

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Procom Supply LLC _____, who issues or requests this subpoena, are:
Anthony L. Leffert, Robinson Waters & O'Dorisio, P.C., 1099 18th St., Ste. 2600, Denver, CO 80202; tel: 303-297-2600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:13-cv-02665-JG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* MECHEL LANGNER _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

Documents to be produced pursuant to Fed. R. Civ. P. 69(b):

1. Any tax returns filed with any government for the period 2012 - 2014;

2. All bank or financial institution statements for all accounts in in the name of or used by Mechel Langner for the period 2012 to the present; and

3. All records relating to any real or personal property, business or entity, or stocks, bonds, notes, retirement accounts, life insurance or other investments in which Mechel Langner has an interest.

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO

Civil Action No. 1:13-cv-02665-JG

PROCOM SUPPLY, LLC, a Colorado limited liability company,

Plaintiff,

v.

MECHEL LANGNER, an individual,
AHARON MANN, and individual,
THE FIRST NATIONAL GROUP, LLC, a limited liability company,
L AND M REALTY BROKERS LLC, a limited liability company,
FIRST NATIONAL MANAGEMENT LLC, a limited liability company,
and REAL INVESTORS LLC, a limited liability company,

Defendants.

---

## ENTRY OF DEFAULT JUDGMENT

---

THIS MATTER having come before the Court on the Amended Motion for Entry of Default Judgment and the Court having reviewed the file and being fully advised, the Court hereby FINDS and ORDERS as follows:

1.   Plaintiff's Amended Motion for Entry of Default Judgment is hereby GRANTED;

2.   Default Judgment is hereby entered pursuant to Fed. R. Civ. P. 55 in favor of Plaintiff Procom Supply, LLC, and against Defendants Mechel Langner, Aharon Mann, First National Group LLC, L and M Realty Brokers LLC, First National Management LLC and Real Investors LLC;

3.   Judgment is hereby entered in favor of Plaintiff and against Defendants, jointly and severally, in the following amounts:

461043--05146.007

a. In favor of Plaintiff Procom Supply, LLC and against Defendant Mechel Langner for the original investment amount of $189,000.00 plus interest at the rate of 3% from the date of the investment September 25, 2008, through April 8, 2014, in the amount of $31,394.71 for a total amount due and owing to Procom of $220,394.71;

b. In favor of Plaintiff Procom Supply, LLC and against Defendant Aharon Mann for the original investment amount of $189,000.00 plus interest at the rate of 3% from the date of the investment September 25, 2008, through April 8, 2014, in the amount of $31,394.71 for a total amount due and owing to Procom of $220,394.71;

c. In favor of Plaintiff Procom Supply, LLC and against Defendant The First National Group, LLC for the original investment amount of $189,000.00 plus interest at the rate of 3% from the date of the investment September 25, 2008, through April 8, 2014, in the amount of $31,394.71 for a total amount due and owing to Procom of $220,394.71;

d. In favor of Plaintiff Procom Supply, LLC and against Defendant L and M Realty Brokers LLC for the original investment amount of $189,000.00 plus interest at the rate of 3% from the date of the investment September 25, 2008, through April 8, 2014, in the amount of $31,394.71 for a total amount due and owing to Procom of $220,394.71;

e. In favor of Plaintiff Procom Supply, LLC and against Defendant First National Management LLC for the original investment amount of $189,000.00 plus interest at the rate of 3% from the date of the investment September 25, 2008, through April 8, 2014, in the amount of $31,394.71 for a total amount due and owing to Procom of $220,394.71;

461043--05146.007

f.  In favor of Plaintiff Procom Supply, LLC and against Defendant Real Investors LLC for the original investment amount of $189,000.00 plus interest at the rate of 3% from the date of the investment September 25, 2008, through April 8, 2014, in the amount of $31,394.71 for a total amount due and owing to Procom of $220,394.71;

g.  Pursuant to O.R.C. 2307.61, Civil Theft, in favor of Plaintiff and against each of the Defendants, jointly and severally, for treble the amount of his investment which totals $567,000.00; and

h.  In favor of Plaintiff Procom Supply, LLC and against each of the Defendants for statutory interest pursuant to 28 U.S.C. §1961, until satisfied.

SO ORDERED this 24th day of April, 2014.

BY THE COURT:

s/ James S. Gwin
James S. Gwin
United States District Judge
Northern District of Ohio

461043--05146.007