UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
PROCOM SUPPLY, INC., :
  : Case No. 1:13-cv-2665
          Plaintiff, :
  :
vs. : OPINION & ORDER
  :
LANGNER, *et al.*, :
          Defendants. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant filed a motion for relief from judgment. With the motion, the Defendant argues that the Court does not have diversity jurisdiction. After considering the motion, the Court found that several Defendants are not diverse with Plaintiffs. The Court now considers whether the non-diverse Defendants are indispensable to this litigation or whether they should be dismissed for this lack of jurisdiction.

I.    Background

On December 3, 2013, Plaintiff Procom Supply, Inc ("Procom") sued two individuals, Mechel Langner and Aharon Mann, and sued four limited liability companies ("the LLCs").[1] Both Langner and Mann were members of the LLCs.[2] On April 8, 2014, Procom moved for default judgment against all the Defendants.[3] On April 24, 2014, the Court granted this motion.[4]

---

[1] Doc. 1. The four companies are First National Group LLC, First National Management LLC, Real Investors LLC, and L & M Realty Brokers LLC. *Id*.
[2] *Id*.
[3] *See* Docs. 16, 19.
[4] Doc. 21.

Case No. 1:13-cv-2665
Gwin, J.

On August 15, 2019, Langner filed a Rule 60(b) motion to set aside the default judgment.[5] Langner argued, in part, that the Court did not have jurisdiction over the controversy because the parties were not diverse.[6]

On October 7, 2019, the Court ordered Procom to provide briefing addressing whether Mann was diverse.[7] On December 11, 2019, the Court issued an order finding that Mann and the LLCs were not diverse.[8]

On December 11, 2019, the Court ordered the parties to file briefing on whether Mann or the LLCs were indispensable.[9] Both Langner and Procom filed responses.[10]

II.   Discussion

Federal Rule of Civil Procedure 21 permits the Court to drop not indispensable nondiverse parties from a lawsuit.[11]

The Sixth Circuit uses a three-part test to determine whether a party is indispensable.[12] First, the Court must "determine whether the person or entity is a necessary party under Rule 19(a)."[13] Second, the Court determines whether joinder may be effected.[14] Third, the Court "analyze[s] the Rule 19(b) factors to determine whether the

---

[5] Doc. 42.
[6] *Id.*
[7] Procom and Langner responded. Docs. 48, 49.
[8] Doc. 50.
[9] *Id.*
[10] Docs. 51, 52, 53, 54. In its response, Plaintiff Procom requested jurisdictional discovery to determine Mann's domicile. Doc. 51 at 4. Procom has had ample time to investigate and present evidence of the Court's jurisdiction. *See* Doc. 48. The Court denies Procom's request for additional discovery.
[11] "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also New-man Green*, 490 U.S. at 832 ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.").
[12] *See Laethem Equipment Co. v. Deere & Co.*, 485 F. App'x 39, 43-44 (6th Cir. 2012).
[13] *Id.* at 43.
[14] *Id.* at 43-44.

Case No. 1:13-cv-2665
Gwin, J.

court should in equity and good conscience dismiss the case because the absentee is indispensable."[15]

Courts need only proceed to the second and third step if the party is necessary under Rule 19(a).[16]

"[J]oint tortfeasors are not required parties under Rule 19(a)."[17] Plaintiff Procom brought claims against Defendants for unjust enrichment, conversion, and civil conspiracy.[18] This Court entered judgment against all defendants jointly and severally.[19] The defendants are joint tortfeasors, therefore Mann and the LLCs are not necessary parties under Rule 19(a) and consequently they are not indispensable.[20]

## III. Conclusion

Defendants Mann and the LLCs are not diverse with Plaintiff Procom. Nor are they necessary parties to this litigation. The Court may drop these parties, while retaining jurisdiction over the controversy between Plaintiff Procom and Defendant Langner.

For the foregoing reasons, the Court **DISMISSES** Defendants Mann, First National Group LLC, First National Management LLC, Real Investors LLC, and L & M Realty Brokers LLC.

---

[15] *Id.*
[16] *Id.*
[17] *Wilson v. Gordon*, 822 F.3d 934, 957 (6th Cir. 2016) (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.")).
[18] Doc. 1.
[19] Doc. 21.
[20] Defendant Langner claims that Procom should be judicially estopped from claiming that Mann is not indispensable because of Procom's position in an Israeli bankruptcy court. Doc. 53. There, Procom sought permission to proceed with an enforcement action from this controversy against Mann notwithstanding the bankruptcy. *Id.* There is no indication, however, that the standard for determining the importance of Mann in bankruptcy court is comparable to standard set out by Rule 19. Procom's positions in the two proceedings are not "clearly inconsistent." *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).

Case No. 1:13-cv-2665
Gwin, J.

 IT IS SO ORDERED.


Dated: January 13, 2020              *s/       James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE