UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

PROCOM SUPPLY, INC.,                    :
                                        :        Case No. 1:13-cv-2665
                     Plaintiff,         :
                                        :
vs.                                     :        OPINION & ORDER
                                        :        [Resolving Doc. 55]
LANGNER, *et al.*,                      :
                     Defendants.        :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Mechel Langner moves for reconsideration of his motion for relief from judgment.  For the reasons stated below, the Court **DENIES** Langner's motion for reconsideration.

## I.      Background

On December 3, 2013, Plaintiff Procom Supply, Inc ("Procom") sued Langner and various other defendants for unjust enrichment and civil theft.[1]  On April 8, 2014, Procom moved for default judgment against Langner.[2]  On April 24, 2014, the Court granted the motion.[3]

More than five years later, on August 15, 2019, Langner moved to set aside the default judgment under Rule 60(b).[4]  On December 11, 2019, the Court denied the motion, finding that Langner did not raise a challenge to the Court's personal jurisdiction within a reasonable time and that this Court had diversity jurisdiction because Langner was

---

[1] Doc. 1.
[2] *See* Doc. 16, 19.
[3] Doc. 21.
[4] Doc. 42.

Case No. 1:13-cv-2665
Gwin, J.

domiciled in New York and therefore diverse with Procom.[5]  On January 8, 2020, Langner

moved for reconsideration.[6]  Procom opposes.[7]

## II.    Discussion

Langner argues that the Court should reconsider various aspects of the order

denying relief.  He disagrees with two of the Court's factual findings.  First, he challenges

the Court's finding that he had notice of the litigation.[8]  Second, he challenges the Court's

finding that Langner was domiciled in New York.[9]

"Rule 60(b) does not allow a defeated litigant a second chance to convince the court

to rule in his or her favor by presenting new explanations, legal theories, or proof."[10]  Nor

does Rule 60(b) permit a party to "relitigate issues already decided."[11]

The Court already considered Langner's evidence which he claims proves that he

did not have notice of the default judgment in 2015.[12]  And the Court has already

considered the evidence Langner claims proves that he was domiciled in Israel.[13]  The

Court will not reconsider that evidence.[14]

---

[5] Doc. 50.
[6] Doc. 55.
[7] Doc. 57.  Langner replied. Doc. 58.
[8] Doc. 55 at 7-9.
[9] *Id.* at 13-14.
[10] *Jinks v. Allied Signal, Inc.,* 250 F.3d 381, 385 (6th Cir. 2001).
[11] *Thompson v. Barkey,* 60 F. App'x 585, 587 (6th Cir. 2003) (affirming district court's denial of Rule 60(b) relief when "claims ha[d] been fully considered").
[12] Doc. 50 at 3-4.
[13] *Id.* at 7-9.
[14] Langner's motion for reconsideration included new evidence, declarations from two religious leaders in Israel. Docs. 55-1, 55-2.  Langner could have submitted this evidence with his prior briefing, so the Court does not consider it now.  *See Jinks,* 250 F.3d at 387 ("Rule 60(b) . . . does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling.").

Case No. 1:13-cv-2665
Gwin, J.

Langner also argues that the Court used an incorrect legal standard when reviewing the reasonableness of Langner's Rule 60(b) motion to vacate the judgment.[15]  While Langner is correct that the interest in finality and ability to have early notice may have little bearing on the reasonableness of Langner's delay, the facts of this case still suggest that Langner's delay was unreasonable.

"The reasonableness of the delay depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief."[16]  The Court considered the facts of the case, finding that Langner had notice in late 2015 but did not file his motion to set aside the judgment until late 2019.[17]  Langner's delay was unreasonable.

Finally, Langner also argues that the Court incorrectly relied on a "presumption of continuing original domicile."[18]  The Court did not rely on that presumption, but instead weighed the facts to determine that Langner did not intend to make Israel his permanent home and thus was not domiciled in Israel when Procom filed the complaint.[19]

The Court's holding regarding Langner's domicile therefore stands.

## III.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to set aside the judgment.

---

[15] Doc. 55 at 2-7.  *See also* Doc. 50 (citing *U.S. v. Real Property Known and Numbered as 429 South Main Street, New Lexington, Ohio*, 906 F. Supp. 1155, 1164 (S.D. Ohio 1995)).
[16] *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 942-43 (6th Cir. 2013).
[17] *See* Doc. 50 at 3.  The parties dispute whether it was reasonable for Langner to challenge the default judgment in Israeli courts instead of a United States court.  Docs. 55 at 9, 57 at 5.  The Court expresses no opinion on this issue, because Langner did not challenge the judgment in Israel until late 2017; even this two-year delay was unreasonable.
[18] Doc. 55 at 10.
[19] Doc. 50 at 7-9.

-3-

Case No. 1:13-cv-2665
Gwin, J.

IT IS SO ORDERED.


Dated: February 27, 2020                    s/      James S. Gwin
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE